UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG PARENT                                                                CIVIL ACTION

VERSUS                                                                          NO. 03-3608

N. BURL CAIN WARDEN                                                SECTION "C"

## ORDER AND REASONS

Before this Court is *pro se* petitioner Craig Parent's Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (2) and (6). (Rec. Doc. 24). The District Attorney for the Louisiana 24th Judicial District Court filed an opposition. Petitioner filed a "Traverse to Respondent's Opposition," which this Court will treat as a reply to the opposition. (Rec. Doc. 31). Petitioner has also filed a Motion to Appoint Counsel (Rec. Doc. 30) and a Motion for Leave to File an Amended Motion to Vacate Judgment. (Rec. Doc. 32). For the reasons stated below, all three motions are DENIED.

Petitioner is a state court prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On June 6, 2011, Petitioner was convicted by a jury in the 24th Judicial District Court, Jefferson Parish of unauthorized entry of an inhabited dwelling, unauthorized use of a motor vehicle, simple burglary, extortion, and three counts of intimidating a witness. He was sentenced to a term of imprisonment for life, after having been determined to be a third felony offender. Petitioner

appealed to the Louisiana Fifth Circuit Court of Appeal, which upheld his conviction and sentence.[1] The Louisiana Supreme Court denied Petitioner's application for a supervisory writ.[2]

Petitioner, after exhausting his state court remedies for challenging his sentence, filed a writ of *habeas corpus* on December 11, 2003 in this Court. (Rec. Doc. 1). The petition was denied with prejudice on December 13, 2004 by this Court. (Rec. Doc. 11). Petitioner appealed to the Fifth Circuit Court of Appeals which denied his certificate of appealability on December 22, 2005. (Rec. Doc. 20). The United States Supreme Court denied Petitioner's petition for a writ of certiorari on May 30, 2006. (Rec. Doc. 23). Petitioner filed the instant motion to vacate judgment on May 22, 2015, nearly nine years after the Supreme Court's denial of his writ. (Rec. Doc. 24).

Petitioner brings the instant motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(1), (2) and (6) in which he seeks to have this Court vacate its previous ruling denying his *habeas* petition with prejudice and to "permit the filing of new claims in amendment thereof." (Rec. Doc. 24 at 5). In addition, Petitioner has filed a motion for the appointment of counsel in order to help in "[d]rafting the Initial Amended *Habeas Corpus* Petition" that Petitioner expects to file once this Court, as he "duly believes" it will, grants his motion to vacate. (Rec. Doc. 30 at 1). Petitioner has also filed a motion to amend his motion to vacate in which he seeks to correct "erroneous dates and docket numbers" for state court pleadings referenced in his motion. (Rec. Doc. 32 at 1).

Federal Rule of Civil Procedure 60(b)(1) allows for relief from a final judgment or order for

---

[1] *State v. Parent*, 836 So.2d 494 (La. App. 5 Cir. 2002).

[2] *State v. Parent*, 857 So.2d 472 (La. 2003).

"mistake, inadvertence, surprise, or excusable neglect." Subsection (2) extends relief from a final judgment or order for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b)." F.R.C.P. 60(b)(2). Finally, Petitioner has also cited subsection (6) as a basis for his motion, which states that relief may also be granted for "any other reason that justifies relief." F.R.C.P. 60(b)(6).

Rule 60 is "an extraordinary remedy which should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5thCir. 2004). The Fifth Circuit has articulated several factors for the court to consider when addressing Rule 60(b) motions. Those factors include:

> (1) final judgments should not be lightly disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack.

*Coleman v. Cain*, Civ. Action No. 05-799, 2009 WL 3400462 (E.D. La. Oct. 14, 2009), citing *Edward H. Bohlin Co. v. The Banning Co.,* 6 F.3d 350 (5th Cir. 1993).

A Rule 60(b) motion must be brought within a "reasonable time. Federal Rule of Civil Procedure 60(c)(1) stipulates that a Rule 60(b)(1) or Rule60(b)(2) motion must be brought "no more than a year after the entry of the judgment or order or the date of the proceedings." For a Rule 60(b)(6) motion, "reasonable time" is "defined by the particular facts and circumstances of each case." *Associated marine Equipment, LLC v. Jones*, 407 Fed. Appx. 815, 816 (5th Cir. 2011). These time limitations will apply unless the movant can show good cause for the delay, which is evaluated on a case-by-case basis. *In re Osborne,* 379 F.3d 277, 283 (5th Cir. 2004).

While the Supreme Court has acknowledged the important role Rule 60(b) can play in federal

*habeas* cases, the Supreme Court has made clear the rule is not to be used to attack the district court's resolution of a claim on the merits, but rather a "defect in the integrity of the federal *habeas* proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532-4, 125 U.S. S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005). Further, Rule 60 cannot be used to present new claims for relief from the state court conviction unless it relies on either a new rule of constitutional law or newly discovered facts as required under AEDPA. *Id.* at 531-532, citing §2244(b)(2).

Petitioner, however, is attempting to use Federal Rule of Civil Procedure 60 as a vehicle to re-open his previously dismissed *habeas* petition and reassert claims that have been denied when the Fifth Circuit Court of Appeal denied Petitioner's second and successive *habeas* application. In addition, Petitioner has filed his motion nearly eleven years after the order he wishes to vacate was issued and has failed to show good cause for the delay. Petitioner's motion is clearly untimely.

Since Petitioner's motion is untimely, there is no reason to allow him to amend the motion nor is there any reason to appoint him counsel to pursue his previous *habeas* petition.

Accordingly,

**IT IS ORDERED** that the motion to vacate filed by is **DENIED.** (Rec. Doc. 24).

**IT IS FURTHER ORDERED** that the motion to appoint counsel is **DENIED**. (Rec. Doc. 30).

**IT IS FURTHER ORDERED** that the motion for leave to file an amended motion is **DENIED as MOOT.** (Rec. Doc. 32).

New Orleans, Louisiana, this  10th  day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE